UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS,

          Plaintiff,

    v.

STATE OF WASHINGTON, et al.,

          Defendants.

Case No. C19-002-RAJ-JPD

REPORT AND RECOMMENDATION

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In this current action, plaintiff has submitted a proposed application to proceed *in forma pauperis* ("IFP"), a proposed 42 U.S.C. § 1983 complaint against various state entities and individuals, and two proposed motions.

As a bar order litigant, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious

REPORT AND RECOMMENDATION - 1

1  physical injury" to proceed IFP because he has had more than three prior actions dismissed as
2  frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D.
3  Wash. Aug. 23, 1999).

4  This is plaintiff's first IFP and proposed action of 2019. In his proposed complaint, he
5  alleges that he is in imminent danger because the drinking water at the Monroe Correctional
6  Complex where he is currently incarcerated is "toxic, polluted, and poisonous" and has caused
7  him "prostate illness." Dkt. 1-1 at 3. He also complains about inadequate legal supplies and
8  events that occurred in 1988 and 1999. *Id.*

9  Having carefully reviewed plaintiff's complaint and exhibits, the Court concludes that
10 plaintiff is not entitled to proceed IFP. Although plaintiff alleges that he is in imminent danger,
11 his proposed complaint does not contain "a plausible allegation that [he] faced imminent danger
12 of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th
13 Cir. 2007) (internal citations omitted); *see also id.* at 1050 n.11 (courts may reject assertions of
14 imminent danger that are conclusory and overly speculative). Plaintiff's claim that "toxic,
15 polluted, and poisonous" drinking water has caused prostate illness is not plausible.

16 Accordingly, the Court concludes that plaintiff's proposed complaint does not meet the
17 "imminent danger" requirement for three-strikes litigants under § 1915(g). The Court
18 recommends that plaintiff's proposed IFP application, Dkt. 1, be DENIED and this action be
19 DISMISSED without prejudice. A proposed Order accompanies this Report and
20 Recommendation.

21 Objections to this Report and Recommendation, if any, should be filed with the Clerk and
22 served upon all parties to this suit by no later than **January 24, 2019**. Failure to file objections
23 within the specified time may affect your right to appeal. Objections should be noted for

REPORT AND RECOMMENDATION - 2

1  consideration on the District Judge's motion calendar for the third Friday after they are filed.

2  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no

3  timely objections are filed, the matter will be ready for consideration by the District Judge on

4  **January 25, 2019.**

5        This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

6  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

7  assigned District Judge acts on this Report and Recommendation.

8        Dated this 9th day of January, 2019.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3